## T. DRAGANI & CO., INC., ET AL. *v.* UNITED STATES

No. 4592.—Invoices dated Naples, Italy, August 30, 1935, etc
Certified August 31, 1935, etc.
Entered at Boston, Mass., September 16, 1935, etc.
Entry No. 3053, etc.

(Decided June 8, 1939)

*Joseph F. Lockett* for the plaintiffs.

*Webster J. Oliver*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

TILSON, Judge: The appeals listed in schedule A, hereto attached and made a part hereof, were submitted for decision upon the following stipulation:

It is hereby stipulated and agreed by and between Joseph F. Lockett, attorney for the Plaintiffs, and the Assistant Attorney General, attorney for the United States, subject to the approval of the Court, in the matter of the reappraisement cases listed in Schedule A hereto annexed and made a part hereof, as follows:

1. That the merchandise involved in said re-appraisements consists of tomatoes and/or tomato paste in tins, packed in wooden cases or cartons, and entered at the Port of Boston during the period from May 1, 1935, to January 1, 1936.

2. That the Collector of Customs at the Port of Boston did not designate for the purpose of appraisement or otherwise one package of each ten packages of the merchandise covered by each invoice and entry in each of the said re-appraise-

ments to be opened and examined as required by Section 499 of the Tariff Act of 1930 and the customs regulations issued thereunder.

3. That one package of each ten packages of the merchandise covered by each invoice and entry in each of the said re-appraisements was not opened and examined by the Appraiser or any other employee of the United States Government in pursuance of said Section 499 and the Customs Regulations issued thereunder.

4. That the merchandise covered by the said re-appraisements is the same in all material respects as the merchandise which was the subject of the case of Pistorino & Co. Inc. v. United States, Protest 938093-G etc. decided by the Third Division of the U. S. Customs Court on March 13, 1939, reported as C. D. 127, and the case of Union Importing Company v. United States, Re-ap. 120239-A etc. decided by Judge Dallinger of the U. S. Customs Court on April 21, 1939, reported as Re-ap. Dec. 4558, and the issue to be considered by the Court in the said re-appraisements listed in said Schedule A is the same as was involved in the decided cases just cited, namely whether there was a compliance by the customs officials at the Port of Boston with said Section 499 and the regulations issued thereunder.

5. That the records in the decided cases mentioned in Paragraph 4 of this stipulation may be and hereby are incorporated with and made a part of the record in the said re-appraisements listed in said Schedule A.

6. That the said re-appraisements listed in said Schedule A may be marked submitted upon the combined records, including the official papers in each of the said re-appraisement cases listed in said Schedule A and on this stipulation.

Accepting this stipulation as a statement of fact, and following the authorities cited in Reap. Dec. 4558 I find that the mandatory provisions of section 499 of the Tariff Act of 1930 and the customs regulations prescribed thereunder were not complied with in the examination and appraisement of the merchandise covered by said appeals. The appraisement in each appeal is, therefore, held to be null and void *ab initio*. Judgment will be rendered accordingly.